UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LORRY BOSS                          :
                                    :
v.                                  :     C.A. No. 23-00335-WES
                                    :
                                    :
SELECT PORTFOLIO SERVICING, et. al.  :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is the Application to Proceed Without Prepayment of Fees and Affidavit filed by Arthur of the Family Wittenberg. (ECF No. 33). Mr. Wittenberg unsuccessfully sought to intervene in this matter and presently seeks in forma pauperis ("IFP") status for purposes of an appeal.

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal IFP. Fed. R. App. P. 24(a) requires a litigant seeking IFP status on appeal to provide the District Court with an affidavit that (1) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.

Mr. Wittenberg filed an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" indicating that he presently has no income, is unemployed, "needs to reapply" for public assistance, has no assets or bills and "sleeps at shelters." (ECF No. 33). Based on the information provided, Mr. Wittenberg has demonstrated an inability to pay. He also filed a "Notice of Appeal" which satisfies the second and third requirements of Fed. R. App. P. 24(a). (ECF No. 31). Nevertheless, I recommend that the Motion to Appeal IFP be DENIED because the appeal is without merit. Mr. Wittenberg's right to appeal IFP is governed by 28 U.S.C. § 1915 which provides that,

"[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous....An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380-T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted). In the present case, Mr. Wittenberg's proposed appeal to the First Circuit Court of Appeals presents no cognizable legal theories or meritorious factual allegations. Mr. Wittenberg reargues his Motion to Intervene and asserts that the District Court erred in denying the Motion. Accordingly, I recommend that the District Court find that the Appeal is not taken in good faith and DENY Mr. Wittenberg's Motion to Appeal IFP.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 26, 2024